FILED
2022 Sep-30  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Dr. MONISHA F. MOORE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | )**Civil Action No.** |
| | )_____ |
| | ) |
| **JASPER CITY BOARD OF EDUCATION;** | ) **JURY TRIAL** |
| **WALKER WILSON in his individual** | **DEMANDED** |
| **capacity;** | |
| **TERESA SHERER in her individual** | |
| **capacity;** | |
| **MARY BETH BARBER in her** | |
| **individual capacity;** | |
| **SCOTT THORNLEY in his individual** | |
| **capacity;** | |
| **WILLIE MOORE in his** | |
| **individual capacity;** | |
| **Dr. ANN JACKSON, Superintendent,** | |
| **and in her individual capacity;** | |
| **Mr. ERIC RIGSBY, Principal,** | |
| **in his individual capacity;** | |
| **Ms. RITA PILING, in her** | |
| **Individual capacity;** | |
| **Ms. KRISTI WATKINS, Director of** | |
| **Curriculum & Instruction, in her** | |
| **Individual capacity;** | |
| | |
| **Defendants,** | |

## COMPLAINT

**COMES NOW** the Plaintiff Dr. Monisha F. Moore, by and through her attorneys of record, and for her Complaint against the Defendant, Jasper City Board of Education, as well as the individual Board members and the Superintendent of Jasper City schools, in their individual capacities, and states as follows:

## STATEMENT OF THE CASE

1.   This is a lawsuit brought by the Plaintiff, Dr. Monish F. Moore, who has been affected by the claims alleged below, seeking injunctive relief from unlawful discriminatory and retaliatory practices involving promotion, compensation, and other terms and conditions of employment by failing to remedy systemic employment discrimination based on race, age, and retaliation.  The actions of Defendants alleged herein violate Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991. And 42 U.S.C. § 1981(a) on the basis of racial discrimination and retaliation, § 704(a) of Title VII as well as the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§

1981"), by and through 42 U.S.C. §1983, on the basis of racial discrimination and retaliation, and 29 U.S.C. § 621, et seq. on the basis of age discrimination. Plaintiff alleges that she has been denied promotional opportunities based on systemic racial discrimination that affects promotional decisions at the Jasper City Board of Education.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2021-02387, on October 25, 2021. [Attached hereto as Exhibit "A".]  Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue from the EEOC (which was received on July 12, 2022), dated as having been mailed on July 7, 2022. [Attached hereto as Exhibit "B".] (The Defendant is located and/or doing business

within this judicial district and division, and this action is brought in the judicial district wherein the unlawful employment practices that form the basis of this Complaint were committed, making venue proper under 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff, Dr. Monisha F. Moore ("Moore" or "Plaintiff"), is an African American and is over forty (40) years of age adult female resident of the state of Alabama and this judicial district. Moore was employed by the Defendant at all times material herein.

5.     Defendant, the Jasper City Board of Education ("the Board" or "Defendant"), is, upon information and belief, comprised of appointed officials, appointed by the Jasper City Council, who are responsible for policy and governance of public schools in the city of Jasper, Alabama.  At all times material herein, Defendant was the employer of Plaintiff within the meaning of Title VII, § 1981, and § 1983 and the age discriminatory in employment act.

6.     Defendants, Individual Board Members, in their individual capacity, include Walker Wilson, Teresa Sherer, Mary Beth Barber, Scott Thornley, and Willie Moore.

Members of the Jasper City Board of Education are responsible for the setting policy and governance of public schools in Jasper, Alabama and they are the final decision-makers with respect to employment decisions made by the Board.

7.     Defendant Superintendent Dr. Ann Jackson in her individual capacity, is the Superintendent for the Jasper City Schools and she is responsible as the decision-maker who makes recommendations for promotion and other employment decisions.  She also supervises the screening, training and carrying out of the hiring and promotion and compensation functions for Jasper City Board of Education.

8.     Mr. Eric Rigsby in his individual and official capacity, is the Principal for the Memorial Park Elementary School and makes recommendations for promotion and other employment decisions.  He also supervises the screening, training and

endorsement of the hiring and promotion functions for the Memorial Park Elementary School.

9.    Ms. Rita Piling in her individual capacity, is a member of the selection board for the Memorial Park Elementary School and makes recommendations for promotion and other employment decisions.  She also supervises the screening, training and endorsement of the hiring and promotion functions for the Memorial Park Elementary School.

10.    Ms. Kristi Watkins **in** her individual capacity, is a member of the selection board for the Memorial Park Elementary School and the coordinator of curriculum.  She makes recommendations for promotion and other employment decisions.  She also supervises the screening, training and endorsement of the hiring and promotion functions for the Memorial Park Elementary School.

## STATEMENT OF FACTS

11.    Plaintiff, Dr. Monisha F. Moore, is an African American female.

12.    Plaintiff has been employed with Defendant since August of 2002 and has worked as a teacher for Defendant since the fall of 2002.

13.    Plaintiff earned her Bachelor's Degree in English from the University of Alabama in Birmingham in 1997.

14,    Plaintiff earned her Master of Education in Early Childhood/Elementary Education from the University of Alabama in Birmingham in 2004.

15. Plaintiff earned her Eds in Elementary Education

from the University of West Alabama in 2011.

16. Plaintiff earned her PhD in Elementary Literacy, at

the University of Alabama in Birmingham, Alabama in

2020.

17.    Plaintiff also has the following credentials;

    a.    Multisensory Routines for Phonemic Awareness/phonics in 2018

    b.    Multisensory Routines, Part 2 in 2018

    c.    LETRS, Unit (1 acronym for Language Essentials for Teachers of Reading and Spelling.) 2020-2022

   d.    LETRS Unit 2                      2020-2022

   e.    LETRS Unit 3                      2020-2022

   f.     LETRS Unit 4                      2020-2022

Classes "A through F" were online classes arranged by Jasper City Schools and the State of Alabama.

   g.    Dyslexia Research Education and Advocacy 2020-2022

   h.    Research and Problems in Reading    2020-2022

            Expanded Lit Response Methods: Literacy 2020-2022

   i.     Countless Research Classes         2020-2022

Classes "G through I" were graduate courses taught at the University of Alabama in Birmingham.

18. In 2016 Plaintiff applied for the Interventionist position with the City of Jasper Board of Education for which she was qualified. This position was given to a white female, Donna Fleming.

19. In 2021 Plaintiff applied for the Reading Specialist position with the City of Jasper Board of Education for which she was qualified. This position was given to a much younger and less educated white female, Katie Oliver.

20. In all of the positions for which Plaintiff applied, and for which she was qualified, Defendant filled said positions with white employees who were less qualified than the plaintiff, however, the defendant hired or promoted a white employee instead of Plaintiff, an African American female over the age of forty (40).

21. Prior to Plaintiff filing of her original EEOC Charge in 2021, Defendant City of Jasper Board of Education employed no African American females in a position of authority. There are no African American female Assistant Principals, no African American counselors, nor African American female Principals.

22. Out of three elementary schools in the Jasper City School System, and one middle school and one high school, there are no African American females in positions of authority.

23. Just recently, in the past couple of years, one African American male teacher/coach at the junior/middle school was made principal of the junior/middle school when the high school and middle school were combined.

24. There are currently and/or approximately one hundred sixty-seven (167) teachers in the Jasper School System, of which only fifteen (15) teachers are of color/minority in the entire Jasper School District.

25. Plaintiff is more than qualified for the Intervention position based upon the Alabama State's Board of Education classifications as well as her experience, extracurricular activities and education. Despite not being named a mentor or leadership team member *She did the following: held a Zoom conference with all 2nd and 3rd grade teachers on best practices specifically regarding teaching during a pandemic with bias. She mentored a principal at Jasper Junior High School about students centered issues.  She provided funding to feed families on school academic night.  She provided a book and lesson plan for all 3rd grade teachers. She provided Seven hundred dollars ($700) of grant money for a trip to the McWane for the less fortunate students. She organized a school wide diversity program and invited the public for the program*

26. *She was selected as the teacher of the month by Channel 42 and given monies for the classroom.*

27. *She organized and mentored teachers outside work hours.*

## **Discrimination that is the Subject of the Current Suit.**

28.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set forth herein.

29.    During 2021 Plaintiff was made aware that another position would possible be made available. Plaintiff learned that a teacher was leaving, and the position of reading specialist was coming available.

30.    Plaintiff inquired with Gina Miller, the former reading coach, in April of 2021.  She stated that she had no knowledge of this position.  Among staff and teachers, it was known that this position would be coming available.

31. Plaintiff approached Defendant Rigsby and Gina Miller on or about May 15, 2021, concerning this same position and he denied having any knowledge of any position coming available.  Upon the second denial of the position

availability, it became clear that Plaintiff would not be told of this position.  Plaintiff then sent an email transmission to Defendant Rigsby, Defendant Jackson and Defendant Piling. This email was relevant to her desire to obtain the reading specialist's position.

*32.*  Approximately three to five days later, after the email was sent, the job was posted on May 27, of 2021. Plaintiff submitted her name as a candidate for the position.  A date was set for the interview **on June 10, 2021,** at another one of the schools within the school system.

33. The time was set for the interview of the Plaintiff at 1:00 p.m. at T.R. Simmons which is approximately a ten-minute drive from the school at which the Plaintiff worked. Defendant knew Plaintiff did not get off work until 1:00 p.m.

34. Upon Plaintiff's arrival, at T.R. Simmons at the appointed time, neither Defendant Rigsby nor Kristy Watkins were present to initiate the interview.

35. Defendant Rigsby showed up thirty (30) minutes late and Kristy was forty-five (45) minutes late. Plaintiff's interview

did not start until 2:00 p.m.  The interview was rushed, and Plaintiff was not given the same courtesy as the other interviewees.

36.  Moreover, Plaintiff was required to make up her time due to her leaving early for the interview on another workday during the summer.

37. Additionally, Plaintiff learned during the 2021–2022-year Ms. Katie Oliver and Ms. Kacie Lakey, who are both white employees, were offered the opportunity to attended at least one meeting concerning professional development. This meeting referenced additional professional development while doing turn-around training for staff and/or faculty at Memorial Park School.  Plaintiff **was not** and **has not** been offered an opportunity to attend such professional development during this time.

38. When other positions become vacant, as the position in question, the professional development and networking opportunities position of those individuals are considered as

having more experience and have a slight advantage when compared to others.

39. Plaintiff has been put on and taken off the leadership team each year whereas the two (2) white employees hired for the positions remained on the team.

40. It is the Plaintiff's understanding that the position is a two (2) year rotation. However, Ms. Katie Oliver and Ms. Donna Fleming, who are both white females, have been allowed to be in this position consistently without being removed.

41. These decisions are made by Defendant Rigsby as to the board in rotation and is the same person that make the decisions and/or recommendations for the position which Plaintiff applied.

42. In taking the actions outlined in ¶¶ 11-41 herein, Defendant City of Jasper Board of Education, and the individual defendants; discriminated against Plaintiff on the basis of her race, African American, in violation of Title VII and §1981.  Plaintiff suffered an adverse employment action in that she was not hired/promoted into the positions, and

there is circumstantial evidence that the reason for the non-hiring was based on race discrimination.

43. In the alternative and in addition thereto, white and black candidates for employment were not treated similarly. Further, the reasons provided to justify the failure to hire Plaintiff is a pretext for racial discrimination.

44. Defendant condones and allows race-based discrimination. Defendant's actions were in violation of Title VII and § 1981 were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

45. As a proximate consequence of the violation of Title VII and §1981 by Defendant, Plaintiff has suffered, and will continue to suffer, damage to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

46. Plaintiff has satisfied all administrative prerequisites to bringing this claim, and/or this Court has ancillary jurisdiction over Plaintiff's claims.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

i.  Placement in the position(s) in which she would have worked and/or enjoyed absent Defendants' discriminatory treatment; or, in lieu thereof,

ii.  Injunctive relief;

iii.  Pre-judgment interest;

iv.  Attorneys' fees;

v.  Costs;

vi.  Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

vii. Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT ONE
## TITLE VII – DISPARATE TREATMENT
## (RACE DISCRIMINATION)
## DEFENDANT JASPER CITY BOARD OF EDUCATION

47. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

48. In taking the actions outlined in ¶¶ 11-41 herein, Defendant City of Jasper Board of Education, et al; intentionally discriminated against Plaintiff on the basis of her race, African American, in violation of Title VII.   Plaintiff

suffered an adverse employment action in that she was not hired into the positions, and there is circumstantial evidence that the reason for the non-hiring was based on prior race discrimination.

49. In the alternative and in addition thereto, white and black candidates for employment were not treated similarly. Further, the reasons provided to justify the failure to hire Plaintiff were a pretext for race discrimination.

50. Additionally, Defendant Rigsby assigns mentor teachers for newly hired teachers.  Defendant Rigsby never assigned Plaintiff to mentor a teacher even though Plaintiff has twenty years' experience in teaching as well as an adjunct Professor at the University of Alabama in Birmingham.

51. Defendant Rigsby assigned a teacher who is white female, Ms. Jayme Rhodes, from another pod (classroom section) to mentor one of the two new teachers in Plaintiff's pod (classroom section). It is customary for a teacher to mentor within their own pod.

52.  Defendants       condone       and       allows       race-based
     discrimination. Defendants' actions were in violation of
     Title VII and were taken with malice or reckless
     indifference to the federally protected rights of Plaintiff.

53. As a proximate consequence of the violation of Title VII by
     Defendants, Plaintiff has suffered, and will continue to
     suffer, damage to her professional life and future career
     opportunities,   past   and   future   pecuniary   losses,
     embarrassment, emotional pain, inconvenience, mental
     anguish, and non-pecuniary damages.

54. Plaintiff has satisfied all administrative prerequisites to
     bringing this claim, and/or this Court has ancillary
     jurisdiction over Plaintiff's claims.

   **WHEREFORE, PREMISES CONSIDERED**, Plaintiff
demands the following relief:

i. Placement in the position(s) in which she would have worked
and/or enjoyed absent Defendants' discriminatory treatment;
or, in lieu thereof,

ii. Injunctive relief;

iii. Pre-judgment interest;

iv. Attorneys' fees;

v. Costs;

vi. Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

vii. Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT TWO
## AGE DISCRIMINATION
## 29 U.S.C. § 621, et seq.
## Failure to Hire
## DEFENDANT CITY OF JASPER BOARD OF EDUCATION

55. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

56. Plaintiff was in a protected class and came within coverage of the Age Discrimination in Employment Act, in that, but for her age, 51 years old, she was not hired into a leadership position at Memorial Park Elementary School while a much younger employee Ms. Katie Oliver with significantly less years of teaching experience as well as less education, was hired. The reasons given for Defendants' decision not to consider Plaintiff for hire were a pretext for age

discrimination, and such actions were taken with malice or reckless indifference to the federally protected rights of Plaintiff under the ADEA.

57. Plaintiff has been discriminated against because of her age in violation of ADA.  This treatment by the Defendant affected the terms and conditions and enjoyment of Plaintiff's employment.

58. Specifically, the defendant subjected the Plaintiff to age discrimination when she was not selected because of her age.

59. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights. Plaintiff was subjected to unequal treatment regarding her employment because of her age.

60. As a result of such failure to hire, Plaintiff was caused to be injured and damaged; to have her career significantly and adversely impacted; and to forego compensation and benefits.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following prospective relief:

a. Placement in the position(s) in which she would have worked and/or enjoyed absent the defendants' discriminatory treatment or, in lieu thereof, front pay.

b. Reinstatement of all fringe benefits from the date of the failure to hire to the present;

c. Back pay,

d. Liquidated damages for the willfulness of the discrimination.

e. Injunctive relief;

f. Pre-judgment interest;

g. Attorneys' fees;

h. Costs; and

i. Such other legal or equitable relief as may be appropriate to effectuate the purposes of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* or to which she may be entitled.

## COUNT THREE

**42 U.S.C. § 1981 via § 1983**
**RACE DISCRIMINATION**
**(INDIVIDUAL BOARD MEMBERS AND**
**SUPERINTENDENT JACKSON IN THEIR INDIVIDUAL**
**AND OFFICIAL CAPACITIES)**

61. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

62. Plaintiff suffered an adverse employment action due to the failure to promote her.  There is circumstantial evidence of race discrimination in that the Defendants' discriminatory failure to promote Plaintiff in the past caused Plaintiff to be blocked from consideration for the later positions that are the subjects of this lawsuit.

63. In the alternative to the foregoing paragraph and in the addition thereto, failing to promote Plaintiff to the positions outlined in ¶¶11-41, and instead promoting less-qualified and less educated white candidates, Defendants intentionally and willfully discriminated against Plaintiff due to her race, in violation of § 1981, via 42 U.S.C. § 1983.  Said actions of Defendant were taken with malice or

reckless indifference to the federally protected rights of Plaintiff.

64. As a proximate consequence of the violation of Title VII by Defendants, Plaintiff has suffered and will continue to suffer damage to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

65. As a proximate consequence of the violations of § 1981, via 42 U.S.C. § 1983, by Defendants, Plaintiff has suffered and will continue to suffer damage to her professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

i.  Placement in the position(s) in which she would have worked and/or enjoyed absent defendants' discriminatory treatment; or, in the alternative, front pay.

ii.  All back pay and fringe benefits from the date of her non-promotions;

iii.  Pre-judgment interest;

iv.  Attorneys' fees;

v.  Costs;

vi.  Compensatory damages for loss of wages and loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

vii.  Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981, via 42 U.S.C. § 1983, or to which she may be entitled.

## COUNT FOUR
## DISCRIMINATION IN VIOLATION OF THE
## FOURTEENTH AMENDMENT AND
## 43 U.S.C. §1983

66. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

67. This claim is being brought against the Defendant because it intentionally and unlawfully discriminated against the Plaintiff on the basis of her race [African-American] in violation of the Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983.

Specifically, the Defendant subjected the Plaintiff to race discrimination when it failed to promote her.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

viii. Placement in the position(s) in which she would have worked and/or enjoyed absent defendants' discriminatory treatment; or, in the alternative, front pay.

ix. All back pay and fringe benefits from the date of her non-promotions;

x. Pre-judgment interest;

xi. Attorneys' fees;

xii. Costs;

xiii. Compensatory damages for loss of wages and loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

xiv. Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981, via 42 U.S.C. § 1983, or to which she may be entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the above-named defendants and prays for compensatory and punitive damages, as may be determined by a struck jury, as well as cost of court.

Respectfully submitted,

s/ Byron Perkins
Byron Perkins (PER039)


s/Byron McMath
Byron McMath (MCM028)


Byron R. Perkins
PERKINS LAW
The Civic Center Medical Forum Building
950 22nd Street North, Ste. 825
Birmingham, AL  35203
bperkins@perkins-law.com


McMath Law Firm, PC
301 W. 20th Street
Jasper, Alabama 35501
bgm@mcmathlawfirm.com


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL**

Serve Defendants at the following:


JASPER CITY BOARD OF EDUCATION
110 17th Street West
Jasper, AL  35501
WALKER WILSON
110 17th Street West
Jasper, AL  35501

TERESA SHERER
110 17th Street West

Jasper, AL  35501


MARY BETH BARBER
110 17th Street West
Jasper, AL  35501


SCOTT THORNLEY
110 17th Street West
Jasper, AL  35501


WILLIE MOORE
110 17th Street West
Jasper, AL  35501

Dr. ANN JACKSON, Superintendent
110 17th Street West
Jasper, AL  35501


Mr. ERIC RISBY,
800 10th Ave.
Jasper, AL  35501

Ms. RITA PILINGS
800 10th Ave.
Jasper, AL 35501