

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| **DR. MONISHA F. MOORE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 6:22-cv-01269-ACA** |
| | ] | |
| **JASPER CITY BOARD OF** | ] | |
| **EDUCATION, et al.,** | ] | |
| | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Monisha F. Moore, through counsel, filed this lawsuit against ten defendants for alleged violations of her constitutional and federal statutory rights, arising from her employment with the Jasper City Board of Education. (Doc. 1). Upon a *sua sponte* review of Ms. Moore's complaint, the court found that the complaint was a shotgun pleading and directed Ms. Moore to file an amended complaint. (Doc. 3). Ms. Moore filed an amended complaint (doc. 8), but the amended complaint remains a shotgun pleading. Therefore, the court **WILL DISMISS** this action **WITH PREJUDICE**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Ms. Moore is employed by Defendant Jasper City Board of Education as a third-grade teacher. (Doc. 8 at 3 ¶ 8; doc. 8-1 at 2). She applied, but was not

selected, for various other jobs with the school district. (Doc. 8 at 8 ¶¶ 29–30). Ms. Moore, who is African American and over the age of forty, alleges that younger or less qualified Caucasians received the positions. (*Id.* at 8 ¶¶ 29–31). She then filed this lawsuit, alleging violations of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; 42 U.S.C. § 1981; and the Fourteenth Amendment. (Doc. 1).

Ms. Moore's original complaint was twenty-six pages long and contained sixty-seven numbered paragraphs and various lettered sub-paragraphs. (*Id.*). The complaint named ten defendants: the Jasper City Board of Education; Jasper City School Board Members Walker Wilson, Teresa Sherer, Mary Beth Barber, Scott Thornley, and Willie Moore; Superintendent Dr. Ann Jackson; Director of Curriculum and Instruction Kristi Watkins; Memorial Park Elementary School Principal Eric Rigsby; and Rita Pilling, a member of the Memorial Park Elementary School selection board. (*Id.* at 4 ¶ 5, 5 ¶¶ 6–8, 6 ¶¶ 8–10).

The original complaint contained four counts, all of which incorporated by reference all allegations contained in the complaint. (*Id.* at 16 ¶ 47, 19 ¶ 55, 22 ¶ 61, 25 ¶ 66). In addition, the original complaint contained what appeared to be a misplaced prayer for relief to remedy "Defendants' discriminatory treatment" (doc. 1 at 16) based on alleged violations of Title VII and § 1981 (*id.* at 15 ¶¶ 44–45).

This prayer for relief was contained above the heading for Count One; it was not tied to any particular factual allegations; and it confusingly referred to "the Defendants" generally. (*Id.* at 16). And to the extent the reference to violations of Title VII and § 1981 was intended to be a separate claim in the complaint, it was not contained in a separate count. In addition, the "claim" did not identify which of the ten defendants was responsible for the allegedly wrongful conduct. (*See generally id.* at 15–16).

Although Counts One, Two, and Three specified the defendants named in those counts, Count Four of the original complaint identified only "the Defendant." (Doc. 1 at 16, 19, 22, 25 ¶ 67). In addition, Count Three identified multiple individual defendants without specifying what each defendant did. (*Id.* at 22–23, ¶¶ 61–65).

The court struck the original complaint *sua sponte* after determining it was a shotgun pleading that violated Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Doc. 3). The court's order striking the complaint identified the specific shotgun pleading deficiencies with the complaint: the counts improperly incorporated every allegation in the complaint; the complaint did not separate each claim or cause of action into a different count; and some of the counts asserted claims against multiple defendants without identifying which of the defendants were responsible for the acts or omissions or which of the defendants against whom the claim was

asserted. (*Id.* at 3–4). The court ordered Ms. Moore to file an amended complaint that conformed with Rules 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about pleading a complaint. (*Id.* at 4). The court explained that "[t]he amended complaint must contain a separate count for each claim that contains a factual basis for that claim only. In addition, each count's heading must identify: (1) the specific defendant(s) against whom the claim is asserted, and (2) the statute or law under which the claim is brought." (*Id.* at 4). The court's order warned Ms. Moore that if she filed a successive shotgun pleading, the court would dismiss the complaint with prejudice without further notice. (Doc. 3 at 5) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)).

Ms. Moore filed an amended complaint in response to the court's order. (Doc. 8). The amended complaint is twenty-three pages long and contains 111 numbered paragraphs and various lettered sub-paragraphs. (*Id.*). It names the same ten defendants as the original complaint and contains five counts asserting substantive claims for relief.[1] (*Id.*). All of the counts again incorporate by reference every allegation contained in the amended complaint. (Doc. 8 at 10 ¶ 42, 14 ¶ 73, 16 ¶ 84, 19 ¶ 98, 22 ¶ 110).

---

[1] Count One is titled "Facts" and does not assert a claim for relief. Instead, "Count One" contains factual allegations in numbered paragraphs. (Doc. 8 at 6–9). Therefore, the court construes the amended complaint as asserting five counts.

Count Two of the amended complaint is titled "Defendant's Violations of the Title VII of the Civil Rights Acts of 1964 (42 U.S.C. §§ 2000e to 2000e-17)," suggesting that Ms. Moore intends to assert the claim against one defendant only. (*Id.* at 10). But the numbered paragraphs within Count Two describe the conduct of some of the individual defendants, including Mr. Rigsby, Ms. Jackson, Mr. Moore, Ms. Watkins. (*Id.* at 11 ¶ 47, 11 ¶ 49, 11–12 ¶¶ 54–56). Count Two then alleges that "Defendant City of Jasper Board of Education, and the individual defendants, as previously stated, discriminated against Plaintiff on the basis of her race," in violation of Title VII and § 1981. (*Id.* at 13 ¶ 67). The count concludes by alleging that "Defendant condones and allows race-based discrimination," and that "Defendant's actions were in violation of Title VII and § 1981." (Doc. 8 at 14 ¶ 70). From the heading and the final numbered paragraphs within the count, it would appear that Ms. Moore brings the claim against a single unidentified defendant. But the count also alleges that the Jasper City Board of Education and some number of individual defendants discriminated against Ms. Moore.

Count Three of the amended complaint is titled "Title VII – Disparate Treatment (Race Discrimination) Defendant Jasper City Board of Education," suggesting that the count is brought against the Jasper City Board of Education only. (*Id.* at 14). But the count ends by alleging that "Defendants, jointly and separately, condone and allow race-based discrimination," and that "Defendants'

actions were in violation of Title VII." (Doc. 8 at 16 ¶ 81). The heading of Count Three indicates that Ms. Moore asserts the claim against one specific defendant, but the allegations contained elsewhere within the count could also be construed as attempting to assert the claim against multiple defendants. If it is the latter, the reference to "Defendants" generally (*id.*) does not give any of the ten defendants adequate notice of whether their individual conduct forms the basis of the claim.

Count Four is similarly problematic. The count is titled "Age Discrimination 29 U.S.C. § 621, et seq., Failure to Hire Defendant City of Jasper Board of Education." (*Id.* at 16). But then the count alleges that "age discrimination by the Defendants, jointly and separately as previously stated, affected the terms and conditions and enjoyment" of Ms. Moore's employment. (*Id.* at 19 ¶ 95). To the extent the heading of Count Four is incorrect and Ms. Moore intends to assert the claim against multiple defendants, the reference to "Defendants" within the count (doc. 8 at 19 ¶ 95) does not adequately put the multiple defendants on notice of whether they are subject to the claim asserted in Count Four.

Count Five asserts § 1981 claims against the "individual board members and Superintendent Jackson" in their individual and official capacities. (Doc. 8 at 19). The caption of the amended complaint clearly names Superintendent Jackson in both her individual and official capacity. (*Id.* at 1). But the same is not true with respect to the individual board members. Both the caption to the amended

complaint and the numbered paragraphs identifying the individual board members state they are sued in their individual capacities only. (*Id.* at 1, 4–5 ¶¶ 10–14).

Finally, Count Six is titled "Discrimination in Violation of the Fourteenth Amendment and [42 U.S.C. § 1983]." (Doc. 8 at 21). The count alleges that unidentified "Defendants" violated Ms. Moore's Fourteenth Amendment rights (*id.* at 22 ¶ 111). The count does not specify which of the ten defendants' conduct forms the basis of the claim.

## II.   DISCUSSION

The Eleventh Circuit has "filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices." *Jackson*, 898 F.3d at 1356; *see also Est. of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks omitted); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (stating that as of 2015, the Eleventh Circuit had published more than sixty opinions about shotgun pleadings).

Shotgun pleadings fall into "four rough types or categories." *Weiland*, 792 F.3d at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

complaint." *Id*. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

In response to an order that notified Ms. Moore that her original complaint was a shotgun pleading of the first, third, and fourth types (doc. 3), Ms. Moore filed an amended complaint that suffers from many of the same deficiencies (doc. 8).

Although the amended complaint asserts each claim for relief in separate counts, all of the counts continue to improperly incorporate by reference every allegation contained in the amended complaint. (Doc. 8 at 10 ¶ 42, 14 ¶ 73, 16 ¶ 84, 19 ¶ 98, 22 ¶ 110). The Federal Rules of Civil Procedure require that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint is twenty-three pages long and contains 111 paragraphs of allegations, all of which have been incorporated by reference into each count. Thus, the amended complaint is neither "short" nor "plain." *See Jackson*, 898 F.3d at 1356 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting that a four-count complaint where each count incorporated by reference all "forty-three numbered paragraphs of factual allegations" was "an all-too-typical shotgun pleading").

Second, and as explained in detail above, the headings and allegations in Counts Two, Three, and Four are inconsistent and make it difficult—if not impossible—for the defendants to determine which and how many of them are subject to the claims asserted in those counts. (*See* doc. 8 at 10–19). Count Five's attempt to assert claims against the individual school board members in both their individual and official capacities does not give them fair notice of the nature of the claims asserted against them because elsewhere the amended complaint states that they are named in their individual capacities only. (*See id.* at 19). Finally, Count Six's reference to the "Defendants" generally does not specify which acts or omissions are attributable to which defendant, and the count does not adequately identify which of the ten defendants against whom the claim is asserted. (*See id.* at 21–22).

Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense" on both the parties and the court. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). District courts retain the authority and discretion to dismiss a shotgun

complaint on that basis alone as long as the court explains defects in the complaint and "give[s] the plaintiff one chance to remedy" a shotgun pleading before dismissing the case. *Jackson*, 898 F.3d at 1358 (quotation marks omitted).

The court gave Ms. Moore—who is represented by counsel—notice of the defects in the original complaint and specific instructions on how to cure those errors. (Doc. 3). And, as explained above, Ms. Moore made no meaningful effort to correct the deficiencies. Therefore, the amended complaint is subject to dismissal. *See Jackson*, 898 F.3d at 1358 ("What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds."); *Vibe Micro*, 878 F.3d at 1297 ("The district court sua sponte gave [the plaintiff] an opportunity to correct the shotgun pleading issues in his complaint, and provided him with specific instructions on how to properly do so. He did not fix it. We will not adopt a rule requiring district courts to endure endless shotgun pleadings.").

## III.   CONCLUSION

The court **WILL DISMISS** Ms. Moore's amended complaint **WITH PREJUDICE** as a shotgun pleading. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 31, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE